The State of Ohio, Appellant, *v.* Doherty, Appellee.

(No. C-830921 — Decided September 26, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellant.

*Jeffrey R. Lewis,* for appellee.

Klusmeier, J. On April 28, 1983 defendant-appellee, John Doherty, was arrested and charged with driving a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19. Appellee was arraigned on May 5, 1983 and entered a plea of not guilty. Appellee's trial commenced on September 28, 1983 in the Hamilton County Municipal Court.

At trial, the prosecutor asked a defense witness on cross-examination whether or not appellee was a good driver. After she stated that appellee was a "fair driver," the prosecutor asked her if she was aware "of the fact that * * * [appellee had] 23 prior traffic stops." At this point appellee's motion for a mistrial was granted by the court. Subsequently, appellee filed a motion to dismiss the complaint on the ground that the Double Jeopardy Clause of the Fifth Amendment, as made applicable to the states by the Fourteenth Amendment, barred further prosecution. The trial court granted appellee's motion on November 21, 1983.

The court's ruling was as follows:

"THE COURT: I'm going to grant your motion. And the reason I'm granting it is basically this. After researching the law it's my basic understanding that once a man is placed on trial he has the right to consummate that trial, follow through with it and have a disposition on the trial itself.

"And once a mistrial is created either by the Court or Prosecutor, or whether it is by design or error, then jeopardy attaches. And there is only [one] conclusion I can draw from the conduct of Mr. Froncek in cross-examining this witness. And although in his mind as he so testified he did not do it for the purpose of forcing the Defendant to move for a mistrial, there is only one result with the questioning of that type. He, in effect, either by design or error forced you on behalf of your client to request a mistrial.

"There is just no probative value to the question that he preponded [sic] to the witness. And from testimony of the witness I saw no other design than to influence or prejudice the jury.

"That was my basic conclusion. So, for that reason, I'm going to grant your motion to dismiss the complaint."

From this judgment, appellant has taken this timely appeal asserting in a single assignment of error that the lower court erred in granting the motion to dismiss.

Specifically, appellant contends that when a criminal defendant successfully moves for a mistrial, double jeopardy bars retrial only if the prosecutor's conduct was intended to deliberately provoke the defendant into requesting a mistrial. We find appellant's assignment to be well-taken on the authority of *Oregon* v. *Kennedy* (1982), 456 U.S. 667; *United States* v. *Thomas* (C.A. 6, 1984), 728 F.2d 313; and *State* v. *Montgomery* (1982), 3 Ohio App. 3d 280.

The general rule is that retrial is not barred when a mistrial is requested by a defendant and granted on his behalf. *Montgomery, supra.* A defendant's own motion for a mistrial is a deliberate choice on his part to forego his right to have the first jury determine his fate. *United States* v. *Scott* (1978), 437 U.S. 82. Our society still retains a genuine interest in making certain that the guilty are punished. *State* v. *Widner* (1981), 68 Ohio St. 2d 188. Nevertheless, a narrow exception to the general rule exists when "governmental actions [are] intended to provoke mistrial requests and thereby * * * subject defendants to the substantial burdens imposed by multiple prosecution." *United States* v. *Dinitz* (1976), 424 U.S. 600, 611.

In *Oregon* v. *Kennedy, supra,* at 679, the Supreme Court held:

"* * * [T]he circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was *intended* to provoke the defendant into moving for a mistrial." (Emphasis added.)

*Oregon, supra,* makes clear that prosecutorial misconduct will bar a second trial only when such behavior was "intentionally" calculated to cause or invite mistrial. In the case *sub judice,* the lower court departed from the rule of *Oregon* when it decided that the prosecutor, "either by design or error," forced appellee to request a mistrial. The assignment of error is sustained simply because the court below misapplied the law in deciding the motion to dismiss.

The assignment of error having been ruled upon, it is the decision of this court that the judgment herein appealed from be, and the same hereby is, reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

PALMER, P.J., and DOAN, J., concur.