CITY OF TALLMADGE, APPELLEE, *v.*
RITCHIE, APPELLANT.

(No. 12615—Decided
December 3, 1986.)

*Virgil Arrington, Jr.,* assistant
city prosecutor, for appellee.

*William T. Whitaker,* for appellant.

MAHONEY, P.J. Appellant, Harry Ritchie, challenges the Cuyahoga Falls Municipal Court's denial of his motion to dismiss, on the grounds of double jeopardy, complaints charging him with resisting arrest and disorderly conduct in violation of Tallmadge City Codified Ordinances Sections 525.09 and 509.03(b), respectively. We affirm.

## Facts

On December 16, 1985, the city of Tallmadge charged Ritchie with resisting his own arrest in violation of Tallmadge Codified Ordinances Section 525.09, and with disorderly conduct by intoxication in violation of Tallmadge Codified Ordinances Section 509.03(b). Trial on these charges commenced on March 11, 1986. A jury was duly impanelled and sworn. The city presented the testimony of four witnesses.

At the conclusion of the city's case, Ritchie moved for a judgment of acquittal on each charge. The trial court denied these motions. The city then moved pursuant to Crim. R. 7(D) to amend each charge to conform to the evidence. As to the resisting arrest charge, the city sought to add the words, "or another," so that the complaint would charge Ritchie with resisting the arrest of himself or another. As to the disorderly conduct charge, the city sought to add the phrase, "and persisted in such conduct after reasonable warning or request to desist."

Ritchie vigorously objected to each amendment. He stated that should the trial court allow the amendments, he would want a mistrial so that he could properly prepare his defense. The trial court then granted the city's motions to amend the complaints, and declared a mistrial.

On March 21, 1986, Ritchie filed a motion to dismiss the charges against him. Ritchie argued that proceeding to trial on the amended complaints would violate his Fifth and Fourteenth Amendments guarantees against being placed twice in jeopardy for the same offense.

On April 14, 1986, the trial court held a hearing on Ritchie's motion. At the hearing, Ritchie sought to have the prosecutor testify as to his motives in moving to amend the complaints. The trial court did not require the prosecutor to testify but asked the prosecutor, as an officer of the court, to make a statement in response. The prosecutor replied that he moved to amend the complaints to conform to the evidence presented at trial. Ritchie then proffered, for the record, that if the prosecutor were to testify, he would state that he was dissatisfied with the testimony of his witnesses and that he additionally wanted a continuance to locate another witness who had moved out of the area. The trial court then, ·

after hearing arguments of counsel, overruled Ritchie's motion to dismiss.

## Assignment of Error I

"The trial court erred in overruling the appellant's motion to dismiss after permitting the prosecutor to misuse the Criminal Rules and gain a new trial after jeopardy had attached, thereby subjecting appellant to being placed twice in jeopardy, in violation of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

In his first assignment of error, Ritchie contends that the trial court erred in overruling his motion to dismiss the charges against him. He specifically contends that by moving to amend the complaints, the prosecutor forced him to request a mistrial and impermissibly placed him in jeopardy a second time on the charges of resisting his own arrest and disorderly conduct.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from repeated prosecutions for the same offense. *Oregon* v. *Kennedy* (1982), 456 U.S. 667, 671. Such protection affords the criminal defendant a valued right to have his trial completed by a particular tribunal. *Id.* at 671-672. This right, however, is not absolute. When a trial court grants a criminal defendant's request for a mistrial, the Double Jeopardy Clause does not bar a retrial. *Id.* at 673. A narrow exception, however, lies where the request for a mistrial is precipitated by prosecutorial misconduct that was intentionally calculated to cause or invite a mistrial. *Id.* at 679. See, also, *State* v. *Doherty* (1984), 20 Ohio App. 3d 275, 20 OBR 338, 485 N.E. 2d 783.

Our review of the record supports the trial court's apparent finding that Ritchie failed to demonstrate prosecutorial misconduct intentionally calculated to invite a mistrial. At the hearing, Ritchie proffered that the prosecutor was dissatisfied with the testimony of his witnesses and was unable to procure the testimony of a fifth witness. The prosecutor, as an officer of the court, responded that he moved to amend the complaints under Crim. R. 7(D) to conform to the evidence presented at trial. The trial court found at the trial that the evidence warranted amending the complaints. The record supports this finding by the trial court as well. Thus, outside of Ritchie's suggestion of improper motive on the part of the prosecutor, the record is devoid of evidence that the prosecutor intended to cause Ritchie to request a mistrial. Ritchie's retrial, therefore, is not barred by the Double Jeopardy Clause.

## Assignments of Error

"II. The trial court erred in overruling appellant's motion to dismiss after declaring a mistrial and thus placing the appellant twice in jeopardy as to the charge of resisting his own arrest when said mistrial was declared because of the improper use of Rule 7(D) of the Ohio Rules of Criminal Procedure.

"III. The trial court erred in overruling appellant's motion to dismiss after declaring a mistrial and thus placing appellant twice in jeopardy as to the charge of disorderly conduct when said mistrial was declared because of the improper use of Rule 7(D) of the Ohio Rules of Criminal Procedure."

In his second and third assignments of error, Ritchie contends that because the amendments were improper under Crim. R. 7(D), that portion of Crim. R. 7 which provides that jeopardy not attach to amended charges once the defendant requests a mistrial does not apply to these particular amendments. Crim. R. 7(D) provides in pertinent part:

"The court may at any time be-

fore, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information or complaint, or to cure a variance between the indictment, information or complaint and the proof, the accused is entitled to a discharge of the jury on his motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this subdivision, jeopardy shall not attach to the offense charged in the amended indictment, information or complaint. * * *"

Assuming *arguendo* that the trial court erred in amending the complaints under Crim. R. 7(D), we find that Ritchie's retrial is still not barred by the Double Jeopardy Clause. As discussed in the first assignment of error, the Supreme Court in *Oregon* v. *Kennedy, supra,* held that when a trial court grants a criminal defendant's request for mistrial, the Double Jeopardy Clause will not bar the defendant's retrial unless the defendant can show prosecutorial misconduct intentionally calculated to cause a mistrial. As Ritchie presented no evidence of prosecutorial intent to provoke a mistrial, the Double Jeopardy Clause will not bar his retrial even if the prosecutor did err in moving to amend the complaints.

## Assignment of Error IV

"The trial court erred in overruling appellant's motion to dismiss as Rule 7(D) of the Ohio Rules of Criminal Procedure is unconstitutional when employed to permit an amendment after jeopardy attaches which adds elements to the crime charged or changes the nature of such crime in that it permits a defendant to be placed twice in jeopardy in violation of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."

Ritchie next contends that should this court determine that the amendments were proper, then Crim. R. 7 itself is unconstitutional. He specifically contends Crim. R. 7 forces him to choose between his constitutional right to confront witnesses and his constitutional right against being placed twice in jeopardy for the same offense.

As stated in the second and third assignments of error, this court need not determine whether the amendments were proper under Crim. R. 7. Ritchie may assign the amendments as error in a subsequent appeal. Under the authority of *Oregon* v. *Kennedy, supra,* Ritchie waived the protection of the Double Jeopardy Clause by requesting the court to grant him a mistrial.

Ritchie's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and FORD, JJ., concur.

FORD, J., of the Eleventh Appellate District, sitting by assignment in the Ninth Appellate District.