**The STATE of Ohio, Appellant,**

**v.**

**WOOD, Appellee.**

[Cite as *State v. Wood* (1996), 114 Ohio App.3d 395.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APC05-565.

Decided Sept. 12, 1996.

**396**

*Ronald J. O'Brien,* Columbus City Attorney, *David M. Buchman* and *Brenda J. Keltner,* Assistant City Attorneys, for appellant.

*Samuel H. Shamansky,* for appellee.

DESHLER, Judge.

This is an appeal by plaintiff, the city of Columbus, from a judgment of the Franklin County Municipal Court, dismissing a criminal action brought against defendant, Donald E. Wood.

On November 22, 1995, defendant was charged with committing domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor. The matter came for trial before a jury on April 2, 1996.

By entry filed April 4, 1996, the trial court dismissed the case. The trial court's entry of dismissal provided:

"This cause was commenced on 4–2–96 and ended on 4–3–96, a mistrial being declared due to misconduct of primary prosecution witness.

" * * *

"The court finds:

"That the prosecution witness, despite repeated warnings, irrevocably tainted these proceedings and destroyed the defendant's right to a fair jury trial by making nonresponsive highly prejudicial and inflammatory remarks, the accumulated effect of which could no longer be cured by instructions to the jury. Such conduct occurred during the witness' direct examination by the prosecution.

"Further, then, the defendant having been placed in jeopardy, the Court ordered the case dismissed since it could not proceed on its merits any further."

On appeal, the city sets forth the following assignment of error for review:

"The trial court erred as a matter of law when it dismissed the domestic violence charge as being barred by double jeopardy after the defense successfully sought a mistrial."

Under its single assignment of error, the city contends that the trial court's dismissal of the case on double jeopardy grounds was erroneous as a matter of law.

■ In *State v. Loza* (1994), 71 Ohio St.3d 61, 70, 641 N.E.2d 1082, 1097, the Ohio Supreme Court addressed the rule regarding the applicability of the doctrine of double jeopardy where a criminal defendant successfully moves for a mistrial, holding:

"The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from repeated prosecutions for the same offense. *Oregon v. Kennedy* (1982), 456 U.S. 667, 671, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416, 422. When a trial court grants a criminal defendant's request for a mistrial, the Double Jeopardy Clause does not bar a retrial. *Id.* at 673, 102 S.Ct. at 2088, 72 L.Ed.2d at 423. A narrow exception lies where the request for a mistrial is precipitated by prosecutorial misconduct that was intentionally calculated to cause or invite a mistrial. *Id.* at 678–679, 102 S.Ct. at 2091, 72 L.Ed.2d at 427. See, also, *State v. Doherty* (1984), 20 Ohio App.3d 275, 20 OBR 338, 485 N.E.2d 783. Only where the prosecutorial conduct in question is intended to 'goad' the defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. *Oregon v. Kennedy, supra,* 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 425."

In the present case, defense counsel made a motion for mistrial during the prosecution's direct examination of the city's first witness, Cynthia G. Wood, the wife of defendant. Specifically, during direct examination, the prosecutor questioned the witness about the events of November 21, 1995, which gave rise to the

domestic violence charge. Wood testified that, at approximately 9:30 p.m., she was at home with the defendant and the couple's two children. Wood was watching television when she and the defendant got into an argument. In describing the argument, Wood interjected comments about previous alleged incidents of violence by the defendant. The first remark prompting an objection by defense counsel came during the following portion of direct examination:

"Q. [THE PROSECUTOR]: How did that argument progress?

"A. We were both arguing initially, and Donald—I had said I had a headache, and I didn't really want to talk about things. He had hit me in the head numerous times that morning after another—during another incident before this had all happened.

"[DEFENSE COUNSEL]: Objection, Your Honor. Move to strike.

"THE COURT: Objection noted.

"Ma'am, would you please answer the question directly. You were asked to answer what had happened during the course of this argument.

"The jurors are instructed to disregard the other remarks made by the witness about the alleged incident from the morning at this particular time."

Following this admonition by the trial court, Wood resumed her account of the argument. Wood testified that the defendant told Ryan, the couple's son, to get him some Tylenol. Wood stated that when Ryan brought his father the wrong bottle, the defendant started yelling at Ryan. Wood told the defendant to stop yelling at their son, prompting the defendant to throw the medicine bottle at her. The testimony then proceeded as follows:

"Q. What happened after that?

"A. After that, Ryan went back over to his table to do his homework and to finish up his homework, and the argument continued between us along the same lines, as far as unemployment. And he felt I was nagging at him. And it continued, but really didn't go anywhere until Donald jumped out of his chair, stood up. His fists were clenched. His eyes were bulging, and he said, 'Go to bed. Go to bed. Go to bed.' He screamed it. He screamed it out loud, just in general and—

"Q. Was it time for the children to go to bed, or was—

"A. It was getting near bedtime, but this was what he normally did when he was about ready to hurt me.

"[DEFENSE COUNSEL]: Objection, Your Honor. Move to strike.

"THE COURT: Motion to strike is sustained.

"Ma'am, answer the question, please.

"Again, the jurors are instructed to disregard the portion of the response that was not responsive to the question."

Following this second admonition by the trial court, Wood continued with her account of the incident. Wood testified that Ryan jumped up from the table and stood, looking perplexed; he "didn't know what he was supposed to do, because he didn't know why he was being screamed at." The prosecutor then asked Wood the following:

"Q. What was Ryan doing? He was doing his homework?

"A. He was doing his homework at the table. I could see him from where I was at in the great room. And I looked over at him when he was * * * doing this. He stood up and kind of looked around, kind of not knowing—he said, 'What?'

"[DEFENSE COUNSEL]: Objection as to what anybody else said.

"THE COURT: Objection noted, overruled.

"A. And he kind of looked around, and Don just—I don't know if he didn't move fast enough or what, but Don barreled right after him with his hands out. And Ryan went into the dining area, which is adjacent to our kitchen, ran around the table * * *. And Ryan ran around the table. Don caught him on the other side, grabbed Ryan with his right hand, grabbed Ryan right here, like here, and kind of threw him, like this. (Indicating.)

"Ryan stumbled, caught himself, didn't actually fall. I stood up at that time, and I started yelling at Don that he wasn't going to hurt my son like this. He has hurt me for 11 years.

"[DEFENSE COUNSEL]: Objection, Your Honor.

"THE COURT: Counsel approach the bench, please.

" * * *

"[DEFENSE COUNSEL]: May I make a motion?

"THE COURT: Go ahead.

"[DEFENSE COUNSEL]: I'm moving for a mistrial, Your Honor.

"THE COURT: Sustained.

"Your witness has been instructed three times to answer the question.

"Ma'am, your own testimony has tainted this particular trial.

"The case is dismissed."

■ As previously noted, when a trial court grants a criminal defendant's request for a mistrial, the Double Jeopardy Clause does not bar a retrial except

where the request for mistrial "is precipitated by prosecutorial misconduct that was intentionally calculated to cause or invite a mistrial." *Loza, supra,* 71 Ohio St.3d at 70, 641 N.E.2d at 1097. In the present case, defendant contends that the trial court properly held that retrial of the defendant was barred on double jeopardy grounds because the prosecutor intentionally engaged in conduct intended to goad the defendant into moving for a mistrial.[1] We disagree.

The record in this case provides no evidence to support a contention that the prosecutor had a motive for seeking to provoke defense counsel into moving for a mistrial; the evidence "does not reflect the state's desire for a continuance, the unavailability of a particular witness, or the state's lack of preparation for trial." *State v. Williams* (Feb. 23, 1995), Franklin App. No. 94APA04–542, unreported, 1995 WL 78912. Further, the questions posed by the prosecutor were directed to the events giving rise to the domestic violence charge at issue and such questions "did not request an answer which would necessitate defendant's moving for a mistrial." *Id.* We also note that there is no indication from the trial court's entry of dismissal that the court found intentional misconduct on the part of the prosecutor; rather, the entry only refers to the unresponsive remarks of the witness. There is no evidence to suggest that the responses by the witness were anticipated by the prosecutor.

Defendant argues that, even if the questions posed by the prosecutor were not intended to elicit prejudicial comments, it was incumbent upon the prosecutor to ask for a recess in order to get the witness under control. We would agree that the better practice would have been for the prosecutor to request a brief recess; however, while the prosecutor may have exercised poor judgment in failing to make such a request, the prosecutor's conduct amounted to no more than negligence as opposed to intentional conduct. A retrial is not barred on double jeopardy grounds "where negligence on the part of the government, rather than intentional misconduct, requires the court to grant defendant's motion for a mistrial." *State v. Van Sickle* (Sept. 18, 1986), Franklin App. No. 86AP–98, unreported, 1986 WL 10415. See, also, *United States v. Dinitz* (1976), 424 U.S. 600, 607, 96 S.Ct. 1075, 1079–1080, 47 L.Ed.2d 267, 274 (where circumstances develop not attributable to prosecutorial overreaching, a motion for mistrial by the defendant is "ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error").

Accordingly, we agree with the city's contention that the trial court erred, as a matter of law, in dismissing the case on the grounds that double jeopardy

---

1. We note that there is no contention by either the city or defendant that the trial court abused its discretion in declaring a mistrial.

prevented the action from "proceed[ing] on its merits any further." The facts of this case indicate no constitutional impediment to a retrial following the court's declaration of mistrial on defendant's motion.

Based upon the foregoing, the city's single assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed.*

BOWMAN and JOHN C. YOUNG, JJ., concur.