OPINION
Defendant-appellant Carl Simons appeals from his conviction and sentence for Illegal Use of a Minor in Nudity-Oriented Material or Performance, Possession of Nudity-Oriented Material Involving a Minor, Endangering Children, Sexual Imposition, Possession of Drugs and Furnishing Beer to a Minor. He also appeals his classification as a sexual predator. Simons contends that he was improperly denied his right to a speedy trial and to a timely preliminary hearing. He further contends that the trial court erred by denying his motion to dismiss trial counsel, and that he was prejudiced by counsel's failure to effectively represent him. Simons also claims that he was subjected to double jeopardy, improperly sentenced and improperly classified as a sexual predator. Finally, Simons contends that his convictions for Illegal Use of a Minor and Endangering Children were not supported by sufficient evidence.
We conclude that the trial court erred by failing to issue findings of fact sufficient to permit us to determine whether Simons' claim that the court erred by imposing consecutive sentences is meritorious. We further conclude that the trial court's finding classifying Simons as a sexual predator is not supported by the record. We conclude that Simons' remaining assignments of error lack merit.
Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for re-sentencing and for re-classification of Simons as a sexually oriented offender.
 I
Simons was arrested on September 23, 1998, on one charge of Complicity in the Illegal Use of a Minor in Nudity-Oriented Material or Performance and one charge as the principal in the same offense. He was arraigned in the Champaign County Municipal Court on September 30, 1998. A preliminary hearing was conducted on October 7, 1998. Thereafter, Simons was bound over to the Grand Jury.
On October 15, 1998, the Champaign County Grand Jury issued a seven-count indictment against Simons for violations of R.C. 2923.03(A)(1) [Complicity], R.C. 2907.323(A)(1) [Illegal Use of a Minor in Nudity-Oriented Material or Performance], R.C. 2907.323(A)(3) [Possession of Nudity-Oriented Material Involving a Minor], 2919.22(B)(5) [Endangering Children], R.C. 2907.06(A)(4) [Sexual Imposition], R.C.2925.11(A) [Possession of Drugs] and R.C. 4301.69(A) [Furnishing Beer to a Minor].
On November 9, 1998, Simons filed a motion for a mental competency evaluation to determine his competency to stand trial. After an evaluation and hearing, he was determined to be competent. Trial was begun on February 1, 1999, but ended with a declaration of a mistrial. On that date, Simons filed a motion to dismiss the case, based upon a claimed violation of his right to a speedy trial and to a preliminary hearing. The trial court overruled the motion.
The case was re-tried on February 3, 1999. The following evidence was presented by the State. On September 20, 1998, Simons was driving fourteen-year-old Shauna C. to her home when they stopped and picked up her fifteen year old friend, Angel H. Simons then stopped at a United Dairy Farmers where he purchased beer that he gave the girls to drink.
Simons drove the girls to his trailer. When they entered the trailer, Simons told the girls to go back to his bedroom. While in the bedroom, Shauna suggested taking pictures with a Polaroid camera that was in the bedroom. The girls proceeded to take pictures of each other. Some of the pictures were taken in the bathroom, which was separated from the bedroom by a curtain. At some point, Shauna suggested that they begin posing in a sexual manner, and she removed her clothing.
Of the approximately sixty pictures that were taken, Simons only took one. However, he re-loaded the camera with film at least five times. Simons also gave the girls some of his wife's lingerie, and made suggestions regarding poses. Simons watched the girls "the whole time" they took the pictures. He also gave the girls more beer to drink, and also gave them "weed" to smoke.
After taking the pictures, Angel left the bedroom and fell asleep on the couch. Shauna stayed in the bedroom with Simons. Simons asked Shauna if he could perform oral sex on her, and he touched her bare buttocks. When Shauna refused, he took the girls to Shauna's home.
Some of the pictures, which were in Shauna's purse, were discovered by Shauna's mother and her mother's roommate. Thereafter, the police were contacted and an investigation was started. A search warrant was executed, and twenty-two of the pictures were found locked in Simons' safe.
At the conclusion of the State's case, the trial court dismissed Count One of the Indictment. The jury found Simons guilty on all remaining counts. Following a sentencing and sexual predator hearing, the trial court sentenced Simons to six-year terms on both Counts Two and Four, to be served consecutively to each other. The sentences for the remaining counts were ordered to be served concurrently with the six-year sentences. The trial court also found Simons to be a Sexual Predator. From his conviction and sentence, Simons appeals.
 II
Simons' First Assignment of Error states:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY VIOLATING APPELLANT'S RIGHT TO A SPEEDY PRELIMINARY HEARING. ORC § 2945.71; ORC § 2945.73. THE ERROR VIOLATED APPELLANT'S LIBERTY INTEREST PROTECTED BY THE SIXTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE.
Simons contends that his statutory rights were violated because he was not provided a timely preliminary hearing.
R.C. 2945.71(C)(1) provides that a person against whom a felony charge is pending shall be accorded a preliminary hearing within 10 days after his arrest if he is held in jail. In this case, Simons was arrested on September 23, 1998. A preliminary hearing was held in the municipal court on October 7, 1998 — more than ten days after his arrest. However, since Simons did not raise any objection until after the preliminary hearing was held, he has waived his right to a timely preliminary hearing. State v. Hall (Feb. 19, 1999), Montgomery App. No. 17227, citations omitted. Furthermore, Simons was subsequently indicted on the same charges, plus some additional charges. As this court has previously noted, "the Supreme Court of Ohio has long held that the failure to provide a preliminary hearing within the proscribed time limits of [R.C.] 2945.71 is not fatal to a subsequent indictment for the same offense." State v. Downs (July 25, 1997), Miami App. No. 96 CA 54, unreported, citation omitted. Therefore, the First Assignment of Error is overruled.
 III
The Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY DENYING APPELLANT'S MOTION TO DISMISS COUNSEL.
Simons claims that the trial court erred because it denied his motion to dismiss his appointed trial counsel. Specifically, he argues that the trial court erred as a matter of law by failing to inquire into his allegations regarding the requested dismissal.
Simons' motion to dismiss his appointed trial counsel merely cited a "conflict of interest" as the basis therefor. The trial court, in its decision denying the motion, found as follows:
 No basis has been shown for granting the motion. After being declared indigent, [Simons] selected [trial counsel] to represent him. The statement that reads "due to a conflict of interest" does not by itself establish a basis for new counsel. No conflict of interest has been established.
In State v. Carter (1998), 128 Ohio App.3d 419, the Fourth District Court of Appeals addressed this issue as follows:
 An indigent defendant's right to counsel does not extend to counsel of the defendant's choice, and does not mean that appointed counsel must develop and share "a meaningful relationship" with his client. Grounds for obtaining newly appointed counsel exist only upon "a showing of good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust result." Upon such a showing, however, "failure to honor the defendant's timely request amount[s] to a denial of effective assistance of counsel."
The defendant bears the burden of announcing the grounds for a motion for appointment of new counsel. If the defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record. "The inquiry may be brief and minimal, but it must be made." Even that limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further. Failure to inquire into specific allegations constitutes an error as a matter of law. Upon inquiry, the decision to appoint new counsel rests within the discretion of the trial judge.
Id. at 422-423, citations omitted.
In Carter, the defendant alleged that his counsel had lied to him, refused to communicate with him, and worked with the State against him. The Fourth District Court of Appeals held that the defendant had made sufficiently specific allegations to require the trial court to further investigate "the truth of the allegations." Id. at 423.
In the case before us, it appears that the trial court did not make inquiry into Simons' claims. However, we conclude that the mere claim of a "conflict of interest", without more, is not a sufficiently specific allegation to trigger the duty to investigate further. Therefore, we hold that the trial court did not err in overruling the motion.
Furthermore, Simons' argument must fail because he has failed to show how he might have been prejudiced by the trial court's failure to hold a hearing on his motion to have new counsel assigned to represent him. Even on appeal, Simons has failed to indicate any basis he might have had for his assertion that his court-appointed attorney had a conflict of interest; he merely asserts that his convictions should be vacated because of the alleged error.
Because we find no error and because Simons has failed to establish any prejudice resulting from the alleged error, the Second Assignment of Error is overruled.
 IV
The Third Assignment of Error provides:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY DENYING THE APPELLANT THE RIGHT TO SPEEDY TRIAL. ORC § 2945.71 AND ORC § 2945.73. THE ERROR VIOLATED THE APPELLANT'S LIBERTY INTEREST PROTECTED BY THE SIXTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE BY FAILURE TO HOLD MANDATED HEARING.
Simons contends that the State violated his speedy trial rights because he was arrested and held in jail in excess of 120 days from the date of arrest to date of trial. He further claims that the trial court erred by failing to: (1) hold an evidentiary hearing on his motion to dismiss for lack of a speedy trial; (2) grant or deny the motion; and (3) state its findings of fact.
Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the fundamental right to a speedy trial. State v. Ladd (1978), 56 Ohio St.2d 197. R.C.2945.71(C)(2) provides that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after his arrest. For purposes of computing time under R.C. 2945.71(C)(2), each day an accused is held in jail in lieu of bail shall be counted as three days. R.C. 2945.71(E).
Simons was arrested on September 23, 1998.[1] Since he was held in jail in lieu of bail, each day is counted as three. Therefore, he was required to be brought to trial within ninety days after his arrest. Trial was held on February 1, 1999.[2] Clearly then, Simons was not tried within the ninety days after his arrest.
However, R.C. 2945.72(B) provides that the time within which a defendant must be brought to trial may be extended by any period during which his mental competence to stand trial is being determined. "Pursuant to R.C. 2945.72(B), the time within which an accused must be brought to trial is tolled from the date the accused files a motion challenging his or her competency to stand trial." State v. Palmer
(1998), 84 Ohio St.3d 103, paragraph one of the syllabus. "The tolling of R.C. 2945.72(B) continues until the trial court makes a competency determination * * *." Id., paragraph two of the syllabus.
As previously noted, Simons filed a motion to determine his competency to stand trial on November 9, 1998. The evaluation was held on December 1, 1998. A hearing was held on January 14 and 22, 1999, and Simons was determined to be competent to stand trial at the conclusion of the hearing. When the time during which Simons' competency evaluation was pending is excluded, we find that fewer than ninety days had passed. Consequently, Simons was brought to trial in compliance with the speedy trial statutes.
Independently of R.C. 2945.71, et seq., both the Sixth Amendment to the Constitution of the United States, made applicable to the states by theFourteenth Amendment, and Article I, Section 10 of the Ohio Constitution require that an accused be brought to trial within a reasonable period of time. We find nothing in this record to suggest that Simons was not brought to trial within a reasonable period of time for purposes of either constitutional provision.
In regard to Simons' claim that the trial court erred by failing to hold an evidentiary hearing on his speedy trial motion, we note that the trial court was capable of determining the issue from the record, and therefore, we find no error. Furthermore, the claims that the trial court failed to deny or grant the motion and to make findings of fact are belied by the record.
The Third Assignment of Error is overruled.
 V
The Fourth Assignment of Error provides:
 THE APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL.
Simons contends that he was denied the effective assistance of counsel. Specifically, he argues that counsel failed to interview and call witnesses, file requested motions, prepare a defense regarding "inconsistent, conflicting, and blatantly false police reports," and failed to raise "proper objections" during the trial and sentencing.
"In a direct appeal, this court's review is limited to evidence presented at trial; we cannot consider matters outside the record before us." State v. Owens (Feb. 25, 2000), Montgomery App. No. 17394, unreported, citing State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.
Simons does not specify anyone whom he claims should have been interviewed and called as witnesses; likewise, he fails to indicate what motions should have been filed. Additionally, the police reports, which he claims are inconsistent, are not part of the record before us. Since Simons' arguments regarding these issues necessarily depend on matters not in the record before us, the proper avenue for seeking review of this claim is by way of a petition for post-conviction relief.
Additionally, we note that Simons has failed to comply with App.R. 16(A)(3) and (6) by neglecting to refer this court to any portion of the record that supports his allegation that trial counsel failed to make proper objections at trial and at sentencing. Therefore, we decline to address this claim.
Simons' Fourth Assignment of Error is overruled.
 VI
The Fifth Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY SUBJECTING APPELLANT TO DOUBLE JEOPARDY. THIS ERROR VIOLATED APPELLANT'S LIBERTY INTEREST PROTECTED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In this Assignment of Error, Simons contends that his re-trial, after the declaration of a mistrial, violated the Double Jeopardy clause of theFifth Amendment to the United States Constitution. His argument is based upon the premise that the trial court, in its journal entry, "altered" the facts surrounding the reason for the declaration of mistrial. He argues that "* * * a corrupted record/journal indicates corrupted decision making/rulings[,]" and that "[t]he trial court's corrupted findings denied appellant due process, and consequently, improperly subjected appellant to double jeopardy in violation of the Fifth Amendment to the United States Constitution."
According to the trial court's journal entry, the facts relevant to this issue are as follows:
 The Court sustained the Defendant's motion in limine and both counsel agreed that witnesses would be instructed not to mention or refer to Defendant's criminal record or his prison confinement. Trial commenced and Defendant moved for a mistrial after the first witness for the State mentioned "Defendant's incarceration." The motion was sustained, trial was rescheduled for Wednesday, February 3, 1999, and the jury was discharged. The Court specifically found that the new trial was not double jeopardy for the Defendant because there was no intentional misconduct by the Prosecutor. The Court further finds that the Defendant sought and received a mistrial on the basis of the statement of the witness. Such statement was not solicited by the State.
The question asked by the Prosecutor was not designed to elicit the answer given by the witness. The Prosecutor's staff had twice advised witnesses not to refer to Defendant's criminal record and the most recent advice was within minutes before the witness took the stand.
The Court notes that the witness expressed regrets for her statement and the Court finds that the appearance of the witness during the proceeding was an appearance consistent with apprehension and concern and not the appearance of one who intentionally violated a rule.
The Court finds further that the reference to Defendant's incarceration could reasonably have been perceived as relating to Defendant's confinement in jail from the time of the alleged offense until trial as opposed to being a reference to the Defendant's imprisonment on previous criminal convictions.
Simons claims that the witness testified that "she has known the defendant since before he went to prison." Therefore, he contends that the trial court's finding that the reference could have been perceived as relating to his confinement in jail constitutes an alteration of the facts.
We first note that Simons has not supported this argument because he has failed to provide a transcript of the proceedings from the first trial. Therefore, we find that he has failed to properly preserve this issue. Moreover, we conclude that the portion of the trial court's finding to which Simons refers us does not indicate that the trial court falsely stated the facts. Instead, the record merely indicates that, in the trial court's opinion, the statement by the witness could have been construed in two different ways. Presumably, Simons bases his argument upon the fact that his pre-trial incarceration would have been in a jail, whereas the witness referred to "prison." Despite the witness's reference to "prison," we conclude that it is possible that she may have intended to have referred to Simons' pre-trial jail incarceration. The two words are often used interchangeably, even by persons who know the difference.[3]
"The double jeopardy clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from repeated prosecutions for the same offense." State v.Draughon (Sept. 1, 1998), Franklin App. No. 97APA11-1536, unreported, citation omitted. "When a trial court grants a criminal defendant's request for a mistrial, the double jeopardy clause does not bar a retrial." Id. "A narrow exception lies where the request for a mistrial is precipitated by prosecutorial misconduct that was intentionally calculated to cause or invite a mistrial." Id., citing State v. Doherty
(1984), 20 Ohio App.3d 275. "Only where the prosecutorial conduct in question is intended to `goad' the defendant into moving for a mistrial may the defendant raise the bar of double jeopardy to a second trial after having succeeded in ending the first on his own motion." Id., citation omitted.
A review of the trial court's journal indicates that the State was instructed to, and in fact did, inform its witnesses to refrain from testifying as to appellant's prior criminal record. Furthermore, the trial court found that the witness did not appear to make the statement intentionally. After reviewing the journal entry, we conclude that the trial court did not err in concluding that Simons' second trial was not barred by double jeopardy.
Simons' Fifth Assignment of Error is overruled.
 VII
Simons asserts the following for his Sixth Assignment of Error:
 THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLANT OF VIOLATING ORC § 2907.323(A)(1).
Simons contends that the State did not establish sufficient evidence to support his convictions for violating R.C. 2907.323(A)(1) [Illegal Use of a Minor in Nudity-Oriented Material or Performance].
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
R.C. 2907.323(A)(1) provides, in relevant part, that "[n]o person shall * * * [p]hotograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity * * *." This court has held that the statute "prohibits photographing a minor in a state of nudity where the nudity constitutes a lewd exhibition or involves a graphic focus on the genitals." State v. Zinkiewicz (1990),67 Ohio App.3d 99, 106. The degree of culpability required for a violation of this statute is recklessness. 29 Ohio Jurisprudence 3d (1994), Criminal Law Section 3389.
Simons' argument centers on his claim that the State failed to produce evidence that he took any photographs of the girls or that he "directed, produced or transferred any material or performance that shows a minor in a state of nudity." He further argues that the State failed to establish that the photographs were "nudity oriented matter" because they did not involve a graphic focus on the genitals and did not constitute a lewd exhibition.
We have reviewed the entire trial transcript and the exhibits. The testimony at trial indicates that Simons took just one photograph. The testimony also establishes that Simons played a large part in the creation, direction and production of the photographs. He provided the camera and the film. He reloaded the camera with film about five or six times. Simons also provided Shauna with lingerie belonging to his wife, and told her to dress in it. He also told the girls that he wanted specific pictures, and he provided direction on how to pose. Based upon the record before us, we conclude that there was sufficient evidence in the record to find that Simons helped create, direct and produce the photographs.
Furthermore, after viewing the photographs, we find that many of the pictures, in our judgment, depict nudity constituting a lewd exhibition, as proscribed by the statute. Accordingly, the Sixth Assignment of Error is overruled.
 VIII
The Seventh Assignment of Error provides as follows:
 THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO CONVICT APPELLANT OF VIOLATING ORC § 2919.22(B)(5).
Simons contends that the State failed to produce evidence sufficient to support his conviction for violating R.C. 2919.22(B)(5) [Endangering Children], because it failed to establish that the photographs were either sexually-oriented or nudity-oriented matter.
R.C. 2919.22(B)(5) provides that "[n]o person shall do any of the following to a child under eighteen years of age * * *: entice, coerce, permit, encourage, compel, hire, employ, use, or allow the child to act, model, or in any other way participate in, or be photographed for, the production, presentation, dissemination, or advertisement of any material or performance that the offender knows or reasonably should know is obscene, is sexually oriented matter, or is nudity-oriented matter." "Sexually oriented matter" refers to "any material or performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality." R.C. 2919.22(D)(4)(c). "Nudity-oriented matter" refers to "any material or performance that shows a minor in a state of nudity and that, taken as a whole by the average person applying contemporary community standards, appeals to the prurient interest." R.C. 2919.22(D)(4)(b).
Again, after reviewing the record before us, we conclude that the State presented sufficient evidence upon which the rational juror could find that Simons permitted and encouraged the girls to participate in, and be photographed for, the production of material which a reasonable person should have know constituted nudity-oriented matter. Accordingly, the Seventh Assignment of Error is overruled.
 IX
The Eighth Assignment of Error states:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY SENTENCING APPELLANT TO A TERM OF IMPRISONMENT OVER AND ABOVE THE STATUTORILY PRESCRIBED MINIMUM SENTENCE.
Simons contends that the trial court erred, and violated R.C. 2929.14(B), by failing to sentence him to the minimum possible sentence with regard to his convictions for violating R.C. 2907.323(A)(1) and R.C.2919.22(B)(5). Both offenses are felonies of the second degree.
R.C. 2929.14(A)(2) provides that for a felony of the second degree, the trial court shall impose a sentence term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(B) provides, in pertinent part, as follows:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added).
In this case, the record clearly demonstrates that Simons had previously served a prison term. Pursuant to the above-cited statutory language, the trial court was not required to impose the shortest prison term. Therefore, the trial court was not required to make a finding that the shortest term would demean the seriousness of the conduct or that it would not adequately protect the public.
The Eighth Assignment of Error is overruled.
 X
The Ninth Assignment of Error provides as follows:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY SENTENCING APPELLANT ON COUNTS TWO AND FOUR OF THE INDICTMENT BECAUSE THE COUNTS WERE CRIMES OF SIMILAR IMPORT.
Simons contends that the trial court erred by sentencing him to consecutive six-year prison terms on his convictions for violations of R.C. 2907.323(A)(1) [Illegal Use of a Minor in Nudity-Oriented Material or Performance] and R.C. 2919.22(B)(5) [Endangering Children] because they are allied offenses of similar import.
The Ohio Supreme Court has set forth the following standard for determining whether multiple crimes for which a defendant is charged are allied offenses of similar import:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
 State v. Blankenship (1988), 38 Ohio St.3d 116, 117, citations omitted.
We conclude that the crimes are not allied offenses. First, we note that Simons could have permitted and encouraged the girls to participate in the production of the pictures, a violation of R.C. 2919.22(B)(5), without taking part in the actual creation, direction or production thereof, a violation of R.C. 2907.323(A)(1). The commission of the one offense does not necessarily lead to the commission of the other. In this case, the evidence shows that Simons permitted Angel to take the nude photographs of Shauna. Simons could have left the bedroom when the girls began the photography session. However, he did not. Instead, he proceeded to tell Shauna how to pose, and provided her with lingerie. He also provided the camera and film, and actually re-loaded the camera for the girls. By these acts, Simons proceeded beyond the point of encouraging and permitting the taking of the pictures by the girls, to actually participating in the creation of the photographs.
Conversely, it is possible to violate R.C. 2907.323(A)(1) without violating R.C. 2919.22(B)(5). The former statute is violated when an offender "transfer[s] any material * * * that shows the minor in a state of nudity, * * *." To be guilty of the latter statute, the offender would have had to have enticed, coerced, permitted, encouraged, compelled, hired, employed, used or allowed the child to have participated in or to have been photographed for, the production, presentation, dissemination, or advertisement of nudity-oriented material. Therefore, a person who had no role in the original production of a nudity-oriented photograph of a minor, but nevertheless gains access to it, can be guilty of violating R.C. 2907.323(A)(1) by disseminating it over the internet, for example, but would not be guilty of having violated R.C. 2919.22(B)(5).
The foregoing comparison of the elements of the two offenses with which Simons was convicted is abstract, in the sense that it compares the elements of the offenses as statutorily defined, rather than with reference to the factual allegations against Simons. However, the Ohio Supreme Court has made it clear that the first step in the allied offenses of similar import analysis is a purely abstract analysis, without regard to the actual facts proven in the case. State v. Rance
(1999), 85 Ohio St.3d 632, 710 N.E.2d 699.
The Ninth Assignment of Error is overruled.
 XI
The Tenth Assignment of Error states:
 THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING CONSECUTIVE SENTENCES.
In this Assignment of Error, Simons contends that the trial court erred by imposing consecutive sentences.
R.C. 2929.14(E)(4) provides, in pertinent part, as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In its decision, the trial court stated that it had considered "all sentencing factors in Chapter 2929 of the Ohio Revised Code." The court also made the following findings:
 The factors that determine a more serious offense are:
1. The victims suffered psychological harm.
 2. The relationship with the victims facilitated the offense.
 3. Another relevant factor indicating that the conduct is more serious is the Defendant's solicitation of the victims to cover up the offense.
Factors that indicate that recidivism is more likely are:
 1. The Defendant's history of criminal convictions and delinquency adjudications.
 2. The Defendant has not responded favorably to sanctions previously imposed.
3. The Defendant shows no genuine remorse.
 4. Another relevant factor indicating recidivism is more likely is the Defendant's solicitation of the victims to cover up the offense.
However, the trial court did not make any of the findings of fact expressly required by the statute. Specifically, there is no indication that the trial court considered whether the sentences are disproportionate to either the conduct or to the danger Simons poses to the public, or that it determined whether the harm caused by the conduct was so unusual or great that a single sentence would be inadequate.
The State urges us to find that the trial court's findings regarding the likelihood of recidivism are sufficient.[4] Again, there is no indication in the sentencing entry to establish that the trial court actually considered whether the recidivism factors it found to exist satisfy R.C. 2929.14(E)(4)(c). We could infer that because the trial court considered the recidivism factors set forth in R.C. 2929.12(D), the trial court necessarily considered whether Simons' criminal history required the imposition of consecutive sentences in order to protect the public from future crime. However, we decline to draw that inference when the sentencing entry fails to demonstrate, with any certainty, that the trial court actually considered the sentencing guidelines set forth in R.C. 2929.14(E). Therefore, we find that the trial court failed to consider R.C. 2929.14(E), and that its failure to do so is reversible error. State v. Church (1998), 129 Ohio App.3d 468.
Simons' Tenth Assignment of Error is sustained.
 XII
The Eleventh Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY CLASSIFYING APPELLANT A SEXUAL PREDATOR.
In this Assignment of Error, Simons contends that the trial court erred by classifying him as a sexual predator. In support, he argues that the sexual predator classification is not supported by the evidence. He also argues that the trial court erred because it did not set forth any findings regarding whether he was likely to commit a future sexually oriented offense and because it made the classification after, rather than prior to, sentencing.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[5] R.C. 2950.09(B) sets forth factors that a trial court must consider in determining whether a person is a sexual offender. However, we have held that the mandate requiring the consideration of those factors to be unconstitutional. Id. We have also held that "the constitutional infirmities within the statute do not affect an otherwise valid and proper finding that a defendant is a sexual predator under [the statute]". State v. Lawson (April 28, 2000), Montgomery App. No. 17470, unreported. In other words, a trial court may consider the listed factors, but it does not have to. It may also consider other factors that it deems appropriate. But no matter what factors a trial court considers, its finding that a person is a sexual predator must be supported by clear and convincing evidence. Id. "The degree or measure of proof for clear and convincing evidence is that which will produce in the trier of fact's mind a firm conviction or belief of the truth of the facts." Id., citation omitted. "It is more than a mere preponderance of the evidence, but does not rise to the extent of certainty that is required beyond a reasonable doubt." Id.
In this case, the sexual predator "hearing" consisted merely of a review by the prosecutor of the factors listed in R.C. 2950.09(B)(2), and a terse statement by defense counsel that classifying this case under the sexual predator statute was "certainly stretching." No testimony was presented, expert or otherwise.
In its judgment finding Simons to be a sexual predator, the trial court stated that it had "considered the factors set forth in Ohio Revised Code Section 2950.09." The trial court also stated:
 The Court notes that the Defendant has a prior criminal record. However, the offender's age, the age of the victims, the nature of the sexually oriented offenses of which the Defendant was found guilty, and the pattern of conduct by the Defendant, all lead the Court to find by clear and convincing evidence that the Defendant is a Sexual Predator. The Court specifically considered the statements of Defendant and victims as found in the Presentence Investigation.[6]
The evidence in the record, viewed in a light most favorable to the State, establishes that Simons helped and encouraged two teen aged girls to take pictures of themselves, and one of himself, in sexually provocative poses in various states of undress. He had given them beer to drink, and apparently some marijuana to smoke. He propositioned one of the girls for oral sex, but she refused. He touched her bare buttocks. This is deplorable conduct; it is criminal. However, there is no suggestion that he physically assaulted either girl, or that he exploited their pictures, or intended at some future time to do so, any of which might suggest impulses toward the commission of sexually oriented offenses beyond Simons' ability to control. In our view, this evidence falls short of establishing, by clear and convincing evidence, that Simons is likely to commit another sexually oriented offense in the future. If this evidence were deemed sufficient, then the commission of any sexually oriented offense by someone with a prior, non-sexually oriented, criminal record would justify the imposition of a sexual predator classification. In our view, this is not what the General Assembly intended. Simons will still be classified as a sexually oriented offender, and will be required to register with the sheriff of the county of his residence or temporary domicile, pursuant to R.C.2950.04.
We next address the claim that the trial court erred by holding the sexual predator hearing after sentencing. We find no support in the record for this contention. It is clear from the transcript that the trial court held the sexual predator hearing at the same time it held the sentencing hearing, and that Simons was sentenced at the conclusion of the hearing. See State v. Echols (May 5, 2000), Greene App. Nos. 99CA60 and 99CA82, unreported, in which we observed that the supreme court has made it clear that the statute's requirement that the sexual predator hearing precede sentencing is not mandatory, but merely directory. The trial court sentenced Simons at the conclusion of the hearing. Therefore, we find no error in this regard.
Simons' Eleventh Assignment of Error is sustained.
 XII
Simons' Tenth and Eleventh Assignments of Error having been sustained, the judgment of the trial court is Reversed and this cause is Remanded
with instructions to the trial court to make findings of fact as required by R.C. 2929.14(E) for the imposition of consecutive sentences, to re-sentence Simons accordingly, and to re-classify Simons as a sexually oriented offender.
 ____________________ FAIN, J.,
GRADY, P.J., and BROGAN, J., concur.
[1] The trial court's decision denying Simons' motion to dismiss on speedy trial grounds found that Simons was arrested on September 25, 1998. However, the Sheriff's Return indicates that he was arrested on September 23. For purposes of determining this issue on appeal, we will assume that the Sheriff's Return sets forth the correct date.
[2] Simons contends that he was not tried until February 3, 1999. The record reveals that trial began on February 1, 1999, but was ended by a declaration of mistrial. The case was re-tried on February 3, 1999. Since the speedy trial provisions of R.C. 2945.71 do not apply to retrials, and since the delay in reconvening trial was reasonable, we would not err by using the February 1 trial date for purposes of calculating whether Simons was brought to trial in a timely manner.State v. Fanning (1982), 1 Ohio St.3d 19, 21. We note that the outcome would not change even if we were to use the February 3 date.
[3] It is not uncommon for the judges of this court, in informal speech, to use the word "jail" to refer to what is really a place of incarceration after conviction and sentence for a felony, i.e.,
prison.
[4] It is clear from the trial court's sentencing entry that it considered the recidivism factors set forth in R.C. 2929.12(D).
[5] In this case, there is no dispute that, as defined in R.C.2950.01(D)(2)(d) and (e), Simons was convicted of two sexually oriented offenses — specifically, violations of R.C. 2919.22(B)(5) and R.C.2907.323(A)(1).
[6] The presentence investigation report indicates that although Simons has an extensive criminal history, none of his prior charges or convictions were for sexually oriented offenses.