The STATE of Ohio, Appellee,

v.

CHURCH, Appellant.

[Cite as *State v. Church* (1998), 129 Ohio App.3d 468.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 98CA34.

Decided Aug. 28, 1998.

*Mark Hottensmith,* Licking County Assistant Prosecuting Attorney, for appellee.

*Law Offices of Kristin Burkett* and *Andrew T. Sanderson,* for appellant.

WISE, Judge.

Appellant Gene A. Church is appealing the sentence entered against him, on February 20, 1998, by the Licking County Court of Common Pleas. The following facts give rise to this appeal.

On October 24, 1997, the Licking County Grand Jury indicted appellant on one count of aggravated robbery and two counts of felonious assault. The incident giving rise to the charges occurred on October 12, 1997. On this date, appellant went to visit his uncle, Bruce Kirk, at his residence. While at the residence, appellant, without provocation, stabbed Kirk in the neck with a kitchen knife. Following the stabbing, a struggle ensued over the knife. In the struggle, appellant tore a pocket off Kirk's jeans and took his wallet, which contained $230. Kirk fled his residence. Appellant followed and attempted to strike Kirk with a hammer. Appellant subsequently fled the scene and was later apprehended.

Appellant entered a plea of not guilty to the charges contained in the indictment on October 27, 1997. On January 28, 1998, appellant appeared before the trial court and withdrew his not guilty plea and entered a plea of guilty to the above charges. The trial court sentenced appellant, on February 20, 1998, to five years' incarceration on each of the counts of the indictment. The sentences for

the two felonious assault counts were concurrent with each other but consecutive to the sentence for aggravated robbery.

Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:

"The trial court committed harmful error in sentencing the defendant–appellant to consecutive sentences."

Appellant contends, in his sole assignment of error, that the trial court erred when it sentenced him to consecutive sentences without making the required findings of fact under R.C. 2929.14. We agree.

R.C. 2929.14(E)(3) addresses the imposition of consecutive prison terms:

"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offense was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

The trial court did not make the findings of fact required by R.C. 2929.14(C) and 2929.14(E) prior to imposing the consecutive sentences. The trial court found only that "consecutive sentences are appropriate in order to protect the public and not to demean the seriousness of the offense." However, under R.C. 2929.14(E), the trial court was required to determine whether any of the elements contained in R.C. 2929.14(E)(4)(a) through (c) were present in addition to protecting the public and not demeaning the seriousness of the crime.

Appellant's sole assignment of error is sustained.

For the foregoing reasons, the sentence rendered by the Court of Common Pleas of Licking County is hereby vacated. This matter is remanded for further proceedings consistent with this opinion.

*Judgment vacated*
*and cause remanded.*

FARMER, P.J., and WILLIAM B. HOFFMAN, J., concur.