I concur with the majority's opinion except for its discussion relating to the appealability of Sanders' consecutive sentence, as challenged in his fifteenth assignment of error. The sentencing court must make a finding that gives its reasons for imposing consecutive sentences. R.C. 2929.19(B) (2) (c); R.C. 2929.14(E) (4). A sentence that lacks the necessary findings is contrary to law. See State v. Edmonson (1999), 86 Ohio St.3d 324; State v. Church
(1998), 129 Ohio App.3d 468; State v. Albert (1997), 124 Ohio App.3d 225. A consecutive sentence that is contrary to law is appealable as a matter of right pursuant to R.C. 2953.08(A) (4). See State v. Stone (Feb. 26, 1999), Hamilton App. No. C-980382, unreported; State v. Crowder (Dec. 7, 1998), Licking App. No. 98-CA-87, unreported. A sentence that is contrary to law is not subject to the appellate court's discretionary review pursuant to R.C. 2953.08(C) and App.R. 5 (C). State. v. Stone, supra; State v.Crowder, supra.
In this case, Sanders contends that his consecutive sentence was contrary to law because the court did not make the findings required by Ohio's sentencing statutes. Under R.C. 2953.08(A) (4), Sanders' sentence is appealable as a matter of right. The majority instead considers Sanders' appeal of his consecutive sentence under R.C. 2953.08(C) and App.R. 5 (C) and exercises its discretion to grant him leave to appeal. Those provisions, however, do not exclusively govern Sanders' appeal.
R.C. 2953.08(C) and App.R. 5 (C) apply when the trial court imposes consecutive sentences under R.C. 2929.14(E) (3) or (4) and
the consecutive sentences exceed the maximum prison term allowed under R.C. 2929.14(A) for the most serious offense of which the defendant was convicted.[1] This court's authority to exercise discretion in permitting or denying an appeal is restricted to a very specific circumstance: when the consecutive sentences comply with the statutory requirements but nevertheless exceed the maximum prison terms allowed by R.C. 2929.14(A) for the most serious offense of which the defendant was convicted. In that circumstance, the defendant may seek leave to appeal the sentence pursuant to R.C. 2953.08(C) and App.R. 5 (C). Had Sanders' consecutive sentence not been appealable as a matter of right, he could have sought leave to appeal under R.C. 2953.08(C) and App.R. 5 (C) because the trial court imposed a fifteen-year consecutive sentence under R.C. 2929.14(E) (4) and the consecutive sentence. exceeds ten years, the maximum prison term allowed by R.C.2929.14(A) for the first-degree felonies of which Sanders was convicted.
But that is not Sanders' contention here. Sanders' fifteenth assignment of error argues that the consecutive sentences did not comply with the sentencing statutes because the court failed to make the findings required under the statute. Because such sentences are "contrary to law," they are appealable as of right under R.C. 2953.08(A) (4).
While I disagree with the majority's analysis in deciding whether to consider Sanders' challenge, I agree with its analysis of the merits. For the reasons stated, I therefore concur in part.
TIMOTHY E. McMONAGLE, J., CONCURS
[1] The majority erroneously says R.C. 2953.08(C) applies when the court imposes a consecutive sentence or when the sentence exceeds the maximum prison term allowed. See ante at 19. Mistakenly reading the statute in the disjunctive when it is written in the conjunctive, the majority opinion apparently understands R.C. 2953.08(C) to apply whenever a consecutive sentence is imposed. That clearly is not the case.