JOURNAL ENTRY and OPINION
Defendant-appellant George Brahler appeals from the trial court's conviction and imposition of consecutive sentences upon him following his entry of guilty pleas to one count each of robbery and kidnapping.
Appellant asserts both that his plea was not knowingly made and that his trial counsel was ineffective, based upon an argument counsel conveyed to appellant the crimes were allied offenses. Appellant further asserts the trial court failed to make the necessary findings for the record prior to pronouncing sentence.
After reviewing the record with appellant's assertions in mind, this court does not agree either that appellant's plea was not knowingly, voluntarily and intelligently made or that trial counsel's efforts fell below an objective standard of reasonable representation, thereby misleading appellant in the entry of his pleas. However, the trial court's comments prior to imposing sentence were inadequate; therefore, appellant's convictions are affirmed but his sentences must be reversed and this case remanded for further proceedings.
The record reflects appellant's convictions result from an incident that occurred on the unseasonably warm day of March 17, 1999. The victim, employed as a swimming instructor at the North Olmsted Recreation Center, having ended her work for the day, proceeded to her vehicle in the parking lot.
The victim had just seated herself on the driver's seat and closed the door when the door suddenly re-opened. A man, later identified as appellant, stood just outside. Appellant wore a ski mask to disguise his facial features and gloves on his hands.
Appellant attempted to push the victim further toward the passenger side at the same time as he also tried to enter her vehicle. The victim resisted, prompting appellant to strike her several times. The struggle attracted attention; therefore, appellant fled. Soon thereafter, however, police officers apprehended appellant while he still was in the area.
Following his arrest, appellant admitted he also had engaged in acts of voyeurism in North Olmsted. Appellant, moreover, had been released on parole from the sentence imposed on his earlier conviction for aggravated burglary only two months prior to the incident.
The Cuyahoga County Grand Jury subsequently indicted appellant on two counts, viz., robbery, R.C. 2911.02, and kidnapping, R.C. 2905.01. Appellant entered pleas of not guilty at his arraignment. Although appellant initially was assigned counsel to represent him, a few days later, the trial court issued a journal entry noting appellant had retained counsel.
The record reflects several pretrial conferences were conducted in the case. The record further reflects that the trial date ultimately was changed to a plea [hearing] * * * at [appellant's] request.
At the commencement of the plea hearing, the trial court outlined the offenses with which appellant was charged. The prosecutor stated that appellant would be entering a plea of guilty to both counts as charged. The prosecutor then set forth the potential penalties for the two second-degree felony offenses, viz., up to eight years each. He concluded by asserting no promises or inducements had been made to appellant. Defense counsel acknowledged the prosecutor's statements constituted his understanding of the plea agreement.
The trial court next questioned appellant. When the court asked if any * * * promises had been made to him, appellant responded, No, ma'am. Appellant thereafter admitted to the trial court he had been on parole at the time the incident had occurred.
The trial court continued its colloquy with appellant by detailing the constitutional rights appellant was waiving with the entry of a guilty plea. The court then repeated the maximum penalties involved for each of the two offenses.
At the conclusion of this recitation, the trial court questioned appellant, Do you also understand that you face a possible period of incarceration of up to 16 years in prison * * *? (Emphasis added.) Appellant answered, Yes. Thereafter, the trial court also asked, Do you understand there is no promise of a particular sentence? (Emphasis added.) Appellant answered, Yes. Appellant, therefore, gave no indication his expectation regarding his sentence was otherwise.
The trial court at that time stated it was satisfied appellant's plea was made knowingly, voluntarily and intelligently. The trial court concluded by requesting and then accepting appellant's pleas of guilty to the charges.
The trial court thereupon stated it would proceed to sentencing, inviting defense counsel to make a comment. Defense counsel responded as follows:
 Your Honor, on behalf of the Defendant, I have explained to him that a plea to both counts would carry a maximum of eight years in the penitentiary, a minimum of two, as they are allied offenses and both the kidnapping and the robbery happened at the same time.
 He understands that and he throws himself on the mercy of the Court. He has no excuse for what he did, nor do I. I don't understand it. He just got out of the penitentiary. * * *
(Emphasis added.)
Upon the conclusion of defense counsel's remarks, before any further proceedings could occur, the prosecutor requested a sidebar conference. The trial court abruptly ordered the hearing continued for one week.
Appellant's sentencing hearing thereafter re-commenced as ordered by the trial court. The court explained for the record it had rescheduled the matter in order to permit the victim to attend.
At the trial court's invitation to make a statement, the prosecutor set forth the circumstances surrounding the charges against appellant. The victim then revealed her desire that appellant receive the maximum.
When their comments had been concluded, the trial court requested the prosecutor to address defense counsel's belie[f] that these are allied offenses. The prosecutor responded he disagreed and * * * the Court has discretion to do what it likes.
When the trial court turned to defense counsel, the following exchange occurred:
 THE COURT: [Counsel], is there anything you would like to say to the Court before sentence? [DEFENSE COUNSEL]:
 Your Honor, we said everything that we had to say the other day. I know that I can't explain the actions of my client, certainly. I don't know what to say to the Court, why he did what he did. I will say that he is remorseful. He has expressed that to me and he does have a statement to make to the Court.
 As far as this being allied offenses, Your Honor, there is no question it's like a rape and kidnapping. There is (sic) allied offenses. You cannot have a robbery without a kidnapping. There was no separate incident involving the kidnapping. So, I would say to the Court that it's an allied offense and I would ask the Court to do whatever the Court deems is best with this Defendant.
 THE COURT: He pled guilty, however, to both counts. [DEFENSE COUNSEL]:
 Yes, but he can only be sentenced on one, Your Honor.
 THE COURT: Well, that's your opinion, [counsel]. Anything you would like to say, Mr. Brahler?
 THE DEFENDANT: That I'm sorry, like [my attorney] said. There is no excuse for what I did. You know, I just got out of prison in January, the same time my father died. That ain't no excuse * * *
(Emphasis added.)
Thus, appellant again gave no indication his counsel had advised him only a certain sentence could be imposed upon him. Thereafter, the trial court addressed appellant as follows:
 Sometimes one of the most frightening things to victims is the randomness of crime because it is the randomness that reminds us that we cannot protect ourselves, no matter what we do, and although many violent crimes are perpetrated upon people by others that they know, there are also a number of crimes perpetrated on people by people that they don't know, that there is no reason, there is no motive. So, that escalates the fear and it certainly compounds the psychological damage to a victim after the fact, because if you do not have any idea or understanding of why something happens to you, you can never be sure that it won't happen to you again.
 So, I hope that you can appreciate the fact that the events of that day, even though it was over a year ago, are things that will live not only with you but, more importantly, with this woman for a long time. Since none of us act[s] in a vacuum, your actions have already affected everyone around her; her family, her friends, the people she worked with. So, your choice in that moment had consequences that went far beyond just you and the victim.
 I disagree with [defense counsel] that these are allied offenses. He may appeal me if he likes.
 On Count 1, you are sentenced to seven years incarceration. On Count 2, seven years incarceration, to be served consecutive to each other.
Following the trial court's comments, neither defense counsel nor appellant lodged any objection to the trial court's imposition of a term of incarceration on each count.
Appellant has filed a timely appeal from his conviction and sentences. He presents three assignments of error for review.
Appellants's first two assignments of error are addressed together as follows:
 I. BECAUSE THE APPELLANT RELIED ON HIS ATTORNEY'S INCORRECT ADVICE THAT HE WAS PLEADING GUILTY TO TWO ALLIED OFFENSES OF SIMILAR IMPORT AND COULD THEREFORE BE SENTENCED FOR ONLY ONE OF THOSE AND SINCE THOSE OFFENSES ARE NOT ALLIED OFFENSES OF SIMILAR IMPORT AS A MATTER OF LAW, THE APPELLANT WAS MISINFORMED AS TO THE CONSEQUENCES HE FACED BY SO PLEADING, AND THEREFORE HIS PLEAS WERE NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY AS REQUIRED UNDER THE DUE PROCESS PROVISIONS OF THE STATE AND FEDERAL CONSTITUTIONS.
 II. THE APPELLANT'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STATE AND FEDERAL CONSTITUTIONS BY INCORRECTLY ADVISING HIS CLIENT THAT HE WAS PLEADING GUILTY TO ALLIED OFFENSES OF SIMILAR IMPORT AND THAT HE THEREFORE FACED A MAXIMUM PRISON TERM OF EIGHT YEARS.
Appellant argues his trial counsel was ineffective for his insistence that the offenses to which appellant was entering pleas of guilty were allied. Appellant further argues that counsel's error rendered his plea invalid since he could not fully appreciate the consequences of his plea in the face of counsel's insistence. Appellant's arguments are unpersuasive.
 In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court stated that a trial court properly accepts a defendant's plea of guilty to an offense when the record demonstrates the trial court substantially complied with the requirements of Crim.R. 11(C) and the totality of the circumstances demonstrates the defendant subjectively under[stood] the implications of his plea * * *.
A review of the record in this case reveals the trial court carefully explained to appellant both the charges and the potential penalties for each of the crimes of which appellant was accused. The trial court also engaged appellant in conversation to determine his level of understanding. Appellant evinced average intelligence without any mental disorder; he had no questions for the trial court.
At the outset of the hearing, defense counsel stated the prosecutor's recitation of the potential penalty of sixteen years accorded with his understanding of the plea agreement. Appellant also acknowledged no promises had been made to him. Indeed, at no time prior to his entry of his pleas to both offenses, despite several opportunities to do so, did appellant mention a belief he could be convicted and sentenced for only one of them.
In similar circumstances, this court recently has stated as follows:
 * * * [T]he comments by the court regarding the possible sentences were not confusing when considered in toto, and defendant indicated at every juncture that he understood. If he was confused, it was incumbent upon him to say so when asked. He cannot maintain that he understands and later prevail on a claim that he did not understand. If a defendant receives the proper information, then it can ordinarily be assumed that he understands the information. State v. Carter (1979), 60 Ohio St.2d 34, 38; State v. Purewal (Apr. 22, 1999), Cuyahoga App. No. 74707, unreported. We must presume that the defendant understood what he claimed to understand. State v. Dawson (Jan. 21, 1993), Cuyahoga App. No. 61828, unreported; State v. Correa-Castillo (Jan. 21, 1999), Cuyahoga App. No. 74393, unreported.
State v. Inglesias-Rodriguez (Mar. 16, 2000), Cuyahoga App. No. 76028, unreported. (Emphasis added.) See, also, State v. Williams (July 10, 1997), Cuyahoga App. No. 70728, unreported; cf., State v. Mikulic (1996), 116 Ohio App.3d 787. Thus, the trial court properly accepted appellant's pleas in this case.
This court finds support for this position in State v. Xie (1992),62 Ohio St.3d 521. The supreme court in that case determined even a trial counsel's legal misinformation provided to the defendant prior to the entry of a guilty plea did not, by itself, render the plea unintelligent.
An analysis of Xie, therefore, also provides instruction with regard to appellant's claim of ineffective assistance of counsel as follows:
 The Strickland [v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674] test was applied to guilty pleas in Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. First, the defendant must show that counsel's performance was deficient.
 Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Hill, 474 U.S. at 57, 106 S.Ct. at 369, 88 L.Ed.2d at 209. Second, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty * * *.
 Hill, 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; see Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.
Id. at 524.
A review of counsel's comments at both the plea hearing and the sentencing hearing in context indicates his insistence the offenses were allied was more in the nature of an attempt to persuade the trial court than incorrect legal advice. State v. Xie, supra, at 524.
These conclusions are supported by not only counsel's affirmative endorsement of the prosecutor's recitation of the plea agreement terms but also his silence during the trial court's colloquy with his client, his failure to challenge the trial court's initial attempt to proceed directly to sentencing after his client's entry of his pleas and, finally, his failure to object upon the trial court's announcement of sentence.
The record in this case indicates trial counsel had conducted extensive discovery over the course of several months. Trial counsel thereby gained possession of facts concerning other activities in which appellant had engaged immediately prior to the incident of March 17, 1999; these activities were both criminal and disturbing in nature.
Counsel clearly was well-prepared for the plea hearing. It is quite likely counsel advised appellant to enter a guilty plea to the indictment as a trial tactic in order to forestall any further prosecutions of his client based upon those other activities. Moreover, counsel's willingness to proceed directly to sentencing seemed calculated to forestall the trial court's consideration of both the applicable law and the victim's statement. Counsel's comments at the rescheduled hearing, furthermore, indicated only an attempt to persuade the trial court by legal argument rather than a declaration of a promise made to appellant regarding sentencing. The fact that counsel was unsuccessful in his advocacy on behalf of his client does not render his assistance ineffective. Id.; State v. Inglesias-Rodriguez, supra; see, also, State v. Elliott (1993),86 Ohio App.3d 792.
For the foregoing reasons, appellant's first two assignments of error are overruled.
Appellant's third assignment of error states:
 THE APPELLANT'S CONSECUTIVE SENTENCES WERE IMPOSED CONTRARY TO LAW AND ARE NOT SUPPORTED BY THE RECORD AND MUST THEREFORE BE VACATED AND ORDERED TO BE SERVED CONCURRENTLY.
Appellant argues the trial court failed to state the necessary findings prior to imposing consecutive sentences upon him. Appellant's argument has merit.
The disposition of this assignment of error is guided by State v. Albert (1997), 124 Ohio App.3d 225 at 230, wherein this court observed:
 * * * R.C. 2929.14 requires the court to make a finding that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct. Because this was not done in this case, we remand this matter to the trial court for re-sentencing of the appellant and the inclusion of such a finding if the court, in its discretion, decides to impose consecutive sentences in this matter.
(Emphasis added.) See, also, State v. Church (1998), 129 Ohio App.3d 468; cf., State v. Arnett (2000), 88 Ohio St.3d 208; State v. Kehoe (May 17, 1999), Clinton App. No. CA98-02-006, unreported (discretionary appeal not allowed [1999], 86 Ohio St.3d 1492); State v. Jones (Dec. 23, 1999), Cuyahoga App. No. 75390, unreported.
Accordingly, appellant's third assignment of error is sustained.
Appellant's convictions are affirmed. This case is remanded for re-sentencing and for further proceedings in accordance with this court's disposition of appellant's third assignment of error.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. and ANNE L. KILBANE, J. CONCUR
 _____________________ JUDGE KENNETH A. ROCCO