OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Zachary Fitzpatrick, appeals from the trial court's decision to deviate from the minimum sentence and also impose consecutive sentences.
On May 11, 1999, appellant was indicted by the Lake County grand jury on two counts of aggravated robbery with a firearm specification, felonies of the first degree, in violation of R.C. 2911.01; one count of felonious assault with a firearm specification, a felony of the second degree, in violation of R.C. 2903.11; two counts of kidnapping with a firearm specification, felonies of the second degree, in violation of R.C. 2905.01; one count of grand theft with a firearm specification, a felony in the fourth degree, in violation of R.C. 2913.02; and one count of receiving stolen property, a felony in the fifth degree, in violation of R.C. 2913.51.[1]
On August 2, 1999, appellant entered a written plea of guilty to two counts of aggravated robbery with a firearm specification and one count felonious assault.[2] The trial court formally accepted the pleas through a judgment entry dated August 5, 1999, referred the matter to the probation department for a preparation of a presentence investigation report, and ordered a victim impact statement.
This matter came on for a sentencing hearing on September 29, 1999. Statements were made by various individuals during the sentencing hearing including appellant, appellant's father, grandmother, and sister. A financial crime investigator for Fifth Third Bank spoke on behalf of the victims at the banking center who chose not to attend the hearing. The court also stated that it had considered the presentence investigation report, the victim impact statements, and the recommendation of the probation department.
The presentence investigation report showed that when appellant was asked if he had anything to say about the offenses, he replied "not really." Appellant admitted that as a juvenile he was convicted in 1996 for breaking and entering in the Cuyahoga County Juvenile Court, placed on probation and released early after only serving five months on probation. Appellant also admitted that he was charged with a juvenile curfew violation in 1993, but that this charge was subsequently dismissed. Although the probation department sent a request for information to the Cuyahoga County Juvenile Court, it had not received a response at the time of completing the presentence investigation report. The instant offenses are appellant's first adult felony convictions.
As we mentioned earlier, the trial court reviewed two victim impact statements. In her statement, one victim explained that when appellant entered the Fifth Third Bank in Concord Township, Ohio, where she worked on April 14, 1999, he had changed her life. While in the bank, appellant demanded money from the tellers' drawers and held a gun to the victim's neck. She described her ordeal as a "nightmare" and "horrible" and never expected to be a victim of a crime in the workplace. Consequently, the victim sought out psychiatric help in order to understand why appellant did this to her, her family, and her co-workers.
Another victim and a recently hired employee of Fifth Third Bank also submitted a victim impact statement. She stated that appellant held his gun to her face and described him as taking away her feelings of safety, control, and trust.
At the close of the sentencing hearing, the trial court imposed the following sentence on appellant: five years in prison on each aggravated robbery count with an additional three years for each firearm specification to be served consecutively for an aggregate sentence of sixteen years. Appellant was also sentenced to five years in prison on the felonious assault count to be served concurrently with the aggravated robbery counts.[3]
In its judgment entry of sentence dated October 13, 1999, the trial court found that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant or others. The court further determined that consecutive sentences were necessary to protect the public from future crime or to punish appellant and are not disproportionate to the seriousness of appellant's conduct and the danger appellant poses to the public.
From this judgment, appellant timely filed a notice of appeal, and asserts the following assignments of error for our consideration:
 "[1.] The trial court erred, to the prejudice of the defendant-appellant, by failing to impose the minimum sentence to an offender who previously has not served a prison term.
 "[2.] The trial court erred, to the prejudice of the defendant-appellant, by imposing upon him consecutive sentences contrary to law and in violation of R.C. 2953.08(C)."
With respect to his first assignment of error, appellant maintains that he should have been given the minimum sentence for these offenses based on his youth, lack of prior criminal involvement, and the stupidity of the offenses. Appellant proposes that a nine year sentence for an eighteen-year-old offender with no prior adult criminal history who was under the influence of drugs during the crimes, certainly cannot demean the seriousness of his conduct and adequately protects the public.[4]
In addition, appellant claims that no weapon was fired and no one suffered significant physical harm. Further, it is his contention that the trial court did not specify either of the reasons listed in R.C.2929.14(B) as supporting its deviation from the minimum sentence.
Hence, the precise issue before this court is whether the trial court adhered to R.C. 2929.14(B).
Before addressing the substance of appellant's argument, we need to articulate the appropriate standard of review. In accordance with R.C.2953.08, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v.Barnes (July 21, 2000), Portage App. No. 98-P-0052, unreported, at 37, 2000 Ohio App. LEXIS 3294. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as the facts sought to be established. Barnes at 38.
In State v. Edmonson (1999), 86 Ohio St.3d 324, 326, the Supreme Court of Ohio construed R.C. 2929.14(B) to mean that the trial court must impose the shortest prison term authorized on a felony offender who has not served a previous prison term, unless the court finds on the record that to do so would demean the seriousness of the offense or, alternatively, that such a term "will not adequately protect the public from future crime by the offender or others."
The Supreme Court further announced the following:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) Edmonson at syllabus.
Thus, a trial court is not required to give the reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crime before the court can lawfully impose more than the minimum authorized sentence. State v. South (June 23, 2000), Portage App. No. 98-P-0050, unreported, at 13-14, 2000 Ohio App. LEXIS 2768; State v. Finks (June 9, 2000), Portage App. No. 98-P-0129, unreported, at 6, 2000 Ohio App. LEXIS 2488. Rather, in sentencing an offender to first-time imprisonment, the trial court must merely specify on the record that one or both reasons set forth in R.C. 2929.14(B) justify a sentence which is longer than the minimum. South at 13-14; Finks at 6.
In the present case, because appellant had not previously served a prison term, the trial court was required to make an express finding on the record that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by him or others. "The requisite finding could have been either an oral pronouncement during the course of the sentencing proceeding or a written statement contained in the sentencing entry." South at 11.
After reviewing the judgment entry, it is apparent that the trial court not only found one of the sanctioned reasons enumerated under R.C.2929.14(B) for deviating from the minimum sentence, it found both. As a result, we conclude that the trial court made the required findings to deviate from the minimum sentence, and that it subsequently put those findings on the record.
Next, appellant makes the contention that there is nothing in the record to support the trial court's finding under R.C. 2929.14(B). According to appellant, the mere reciting of the statute cannot replace the necessary weighing of the factors as required by the statute.
It would be contrary to law if the trial court made a statutory finding when there is no evidence in the record to support it. State v.Daugherty (Nov. 12, 1999), Washington App. No. 99CA09, unreported, at 2, 1999 WL 1059225. Thus, this court must review the record to see if the trial court's finding that the minimum sentence would not adequately protect the public and would demean the seriousness of appellant's conduct is supported by the record. Daugherty at 2; R.C. 2953.08(G)(1)(a). We must affirm the trial court's decision, unless we find by clear and convincing evidence that there is no evidence in the record to support the court's finding. Id.
After reviewing the evidence presented at the sentencing hearing, the presentence investigation report, and the victim impact statements, we hold that the sentence is supported by the record. While it is true that appellant has had no prior convictions that resulted in a prison or jail term, he did admit, during the presentence investigation, to being convicted in 1996 for breaking and entering and placed on probation. When considering this factor, which indicates that appellant is likely to re-offend, the record supports the trial court's finding that a minimum sentence would not protect the public from appellant. Although no weapon was fired and no one suffered serious physical harm, appellant held a gun to the neck of and face of the victims and caused them serious psychological harm. This supports the trial court's finding that the minimum sentence would demean the seriousness of appellant's conduct. Therefore, we conclude that the record does adequately support the trial court's finding with respect to R.C. 2929.14(B). Appellant's first assignment of error is meritless.
Further, where the trial court complied with R.C. 2929.14(B) and the required findings are supported by the record, the decision to impose a specific prison term beyond the minimum sentence is discretionary and not subject to appellate review as being contrary to law. Daugherty at 3. "Rather, such an appeal in that instance amounts to a contention that the trial court abused its discretion and can be reviewed only upon leave of the appellate court." (Citations omitted.) Id. Accordingly, we will not address appellant's contention that a nine year sentence was more appropriate.
Under his second assignment of error, we must determine whether the trial court made the findings required by R.C. 2929.14(E)(4). Appellant urges that the trial court failed to review the factors regarding consecutive sentences and failed to make the requisite findings pursuant to R.C. 2929.14(E)(4) when imposing a consecutive sentence.
As we mentioned earlier, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(1); Barnes at 38.
A trial court may impose consecutive sentences if it makes the findings contained in R.C. 2929.14(E)(4) on the record. State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported, at 1, 1998 WL 682392. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must find that one of the additional factors listed in R.C. 2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanction, (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct, or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. "A sentence which repeats the language of R.C. 2929.14(E)(3) [current version is R.C. 2929.14(E)(4)] without any [indicia] of a consideration of the factors set forth would be insufficient. For a meaningful review, the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." Kase at 2.
Further, when consecutive sentences are imposed under R.C. 2929.14, the trial court must also follow the requirements set forth in R.C. 2929.19(B).State v. Albert (1997), 124 Ohio App.3d 225, 230; State v. Russell (Mar. 13, 2000), Auglaize App. No. 2-99-38, unreported, at 3, 2000 WL 268959;State v. Coleman (Nov. 16, 1999), Allen App. No. 1-99-53, unreported, at 4, 1999 WL 1037999. In particular, R.C. 2929.19(B)(2)(c) demands that the trial court justify its imposition of consecutive sentences. In this regard, R.C. 2929.19(B)(2)(c) states:
 "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]" (Emphasis added.)
A trial court's mere assertion that it has reviewed the provisions set forth in R.C. 2929.14 is not, in itself, a sufficient finding on the record of the court's reasoning for imposing a particular sentence.State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195, unreported, at 2, 1998 WL 767438. Moreover, the findings mandated by R.C. 2929.14
must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing. Kase at 1-2.
In the case at bar, although the trial court satisfied the initial requirement of R.C. 2929.14(E)(4) by finding in its judgment entry that consecutive sentences were necessary to protect the public from future crime or to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger appellant poses to the public, the court failed to state on the record any one of the necessary findings listed in R.C. 2929.14(E)(4)(a)-(c). Under R.C. 2929.14(E), the trial court was required to determine whether any of the elements contained in R.C. 29292.14(E)(4)(a) through (c) were present. State v.Church (1998), 129 Ohio App.3d 468, 470; Albert at 230; State v. Brice
(June 9, 1999), Lawrence App. No. 98CA24, unreported, at 7, 1999 WL 390526; State v. Smith (Mar. 17, 1999), Meigs App. No. 98CA02, unreported, at 5, 1999 WL 176551; Kase at 2.
Because the trial court did not make the requisite findings under R.C.2929.14(E)(4)(a)-(c), it erred in imposing consecutive sentences, and appellant's argument is well-taken. We have the authority to remand a case for resentencing if we conclude that the trial court failed to make the requisite findings and explanations. Edmonson at 329.
On remand, the trial court must make specific factual findings on the record with respect to the R.C. 2929.14(E)(4) factors if it seeks to impose consecutive prison terms. We also remind the trial court that pursuant to R.C. 2929.19(B)(2)(c), it must give its reasons for selecting consecutive sentence. Stated simply, the trial court must comply with R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). Such a reversal and remand does not imply approval or disagreement with the sentence imposed. Rather, it signifies that the judgment entry as written, does not statutorily support the sentences which were imposed.
In accordance with the foregoing, the sentencing order of the Lake County Court of Common Pleas is affirmed with regard to the deviation from the minimum sentence. But, we reverse the trial court's order imposing the consecutive sentence and remand to the trial court for re-sentencing consistent with this opinion and law.
 ______________________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] Although both appellant and the state maintain in their briefs to this court that the charge of receiving stolen property contained a firearm specification, an examination of the indictment shows that no firearm specification was included in this charge.
[2] Appellant and the state are incorrect when they claim in their briefs to this court that appellant pled guilty to one count of felonious assault with a firearm specification. Both the written plea of guilty and judgment entry of sentence demonstrate that appellant pled guilty to felonious assault without the firearm specification. Furthermore, in thejudgment entry dated August 5, 1999, the trial court noted that upon theapplication of the assistant prosecuting attorney and for good causeshown, the court entered a nolle proseqi on the following charges: firearm specification contained in the felonious assault charge; the two counts of kidnapping with the firearm specification; one count of grand theft with a firearm specification; and one count of receiving stolen property.
[3] It should be noted that the trial court did not sentence appellant to the maximum term of imprisonment permitted for each of his felony convictions. R.C. 2929.14 delineates guidelines for the lengths of prison terms. According to R.C. 2929.14(A)(1), the range of the sentence terms for a felony of the first degree is three to ten years while R.C.2929.14(A)(2) sets forth two to eight years for a felony of the second degree.
[4] Appellant's rationale behind the nine year prison term is as follows: "* * * a three year sentence on each count [two counts of aggravated robbery and one count felonious assault], concurrent and in addition to the six years on the two gun specifications which are mandated to be consecutive."