OPINION
Appellant Aaron Callock appeals the decision of the Stark County Court of Common Pleas that found him guilty of three counts of trafficking in cocaine. The following facts give rise to this appeal.
In October and November 2000, members of the Alliance Police Department conducted undercover drug buys from appellant. The first buy occurred on October 28, 2000, when Shannon Burruss, a confidential informant, purchased $300 worth of cocaine from appellant. The second buy occurred on October 30, 2000, when this same confidential informant purchased $100 worth of cocaine from appellant. The final buy occurred on November 2, 2000, when the confidential informant purchased $800 worth of cocaine from appellant. The police monitored and tape recorded each of these transactions. The officers monitoring the transactions recognized appellant's voice from previous encounters with him.
On April 26, 2001, the Stark County Grand Jury indicted appellant on three counts of trafficking in cocaine. Appellant entered a plea of not guilty to the counts contained in the indictment. This matter proceeded to trial on June 27, 2001. Following deliberations, the jury found appellant guilty of all three counts. Thereafter, the trial court sentenced appellant to sixteen months in prison on both of the felony four counts of trafficking in cocaine, to run consecutively, and eleven months in prison on the felony five count of trafficking in cocaine, to run consecutive with the other two sentences. The trial court also ordered appellant to pay restitution, to the Alliance Police Department, in the amount of $12,000.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION DUE TO THE EFFECT OF THE TRIAL COURT'S ERRONEOUS ADMISSION OF PRIOR BAD ACTS EVIDENCE AGAINST APPELLANT.
 II. THE TRIAL COURT ERRED IN ORDERING THAT THE SENTENCE IMPOSED ON EACH COUNT BE SERVED CONSECUTIVELY WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE STATUTORY CRITERIA FOR RUNNING SENTENCES CONSECUTIVELY OR THE REQUISITE FINDINGS THEREOF.
 III. THE JURY'S VERDICT, FINDING APPELLANT GUILTY TO ALL OF THE CHARGES WAS NOT SUPPORTED BY THE EVIDENCE, OR IN THE ALTERNATIVE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant contends, in his First Assignment of Error, that the trial court abused its discretion when it admitted prior bad acts evidence against him. We disagree.
Specifically, appellant challenges testimony, by the confidential informant, that he and the confidential informant had a conversation on a date different than the ones mentioned in the indictment. Appellant also challenges the testimony of Sergeant Griffith concerning the fact that Sergeant Griffith had arrested appellant on prior occasions.
In support of this assignment of error, appellant cites Evid.R. 404, which provides, in pertinent part:
(A) Character evidence generally
 Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.
* * *
(B) Other crimes, wrongs or acts
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. It is based upon this standard that we review appellant's First Assignment of Error.
Under Evid.R. 404(B), we conclude the trial court did not abuse its discretion when it admitted the testimony of the confidential informant and Sergeant Griffith because such testimony was necessary to establish appellant's identity. Appellant's defense at trial was that while the drug buys occurred, the officers and confidential informant were either lying or mistaken concerning who sold the drugs to the confidential informant. In order to rebut this testimony, the trial court properly permitted these witnesses to testify about how they knew appellant in order to establish identity since evidence of other crimes is admissible, under Evid.R. 404(B), to establish identity.
Appellant also argues, under this assignment of error, that this evidence should have been excluded under Evid.R. 403. This rule provides, in pertinent part:
(A) Exclusion mandatory.
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
We conclude, under the above rule, that the evidence was probative as it bolstered the confidential informant's testimony that appellant was the person that sold him the drugs. Further, any prejudicial effect of the testimony was limited because the trial court did not permit Sergeant Griffith to specifically testify about his involvement with appellant. Finally, the trial court gave the following limiting instruction to ensure that the jurors considered the evidence for the appropriate purpose:
 Evidence may be received about the commission of other crimes, wrongs or acts other than the offenses with which the defendant is charged in this trial.
 That evidence may be received and you may not consider it to prove the character of the defendant in order to show that he acted in conformity with that character.
 If you find that the evidence of other crimes, wrongs, or acts is true and that the defendant committed them, you may consider that evidence only for the purpose of deciding whether it proves the identity of the person who committed the offense in this trial. Tr. Vol. II at 146-147.
Accordingly, we conclude the trial court properly admitted this evidence under Evid.R. 404(B) and Evid.R. 403.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred when it imposed consecutive sentences. We disagree.
Specifically, appellant argues the trial court failed to comply with the statutory requirements for imposing consecutive sentences. R.C.2929.14(E)(4) addresses the imposition of consecutive sentences and provides, in pertinent part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following.
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Appellant challenges his sentencing on the basis that the trial court never specifically stated that the consecutive sentences were necessary to protect the public from future crime or to punish the offender, which is required by R.C. 2929.14(E). In support of this assignment of error, appellant cites the case of State v. Church (1998), 129 Ohio App.3d 468. In the Church case, we held that "* * * under R.C. 2929.14(E), the trial court was required to determine whether any of the elements contained in R.C. 2929.14(E)(4)(a) through (c) were present in addition to protecting the public and not demeaning the seriousness of the crime." Id. at 470.
We find the Church case distinguishable from the case sub judice. In the Church case, the trial court failed to make a determination as to whether any of the elements under R.C. 2929.14(E)(4)(a) through (c) were present. However, in the matter currently before the court, the trial court specifically found that appellant's criminal history required consecutive sentences to protect the public from future crime by appellant. Sentencing Tr. at 10-11 and Judgment Entry of Conviction and Sentence, July 9, 2001, at 3. Further, this court has previously ruled that a trial court is not required to use "magic words" in order to comply with sentencing under Senate Bill 2. See State v. Moran (Apr. 20, 2001), Licking App. No. 00CA0062, unreported; State v. Knighton (May 24, 1999), Stark App. No. 1998CA00190, unreported.
Accordingly, we conclude the trial court did not err when it imposed consecutive sentences.
Appellant's Second Assignment of Error is overruled.
 III
In his final assignment of error, appellant maintains the jury's verdict finding him guilty of the charges contained in the indictment was not supported by the sufficiency of the evidence and was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant contends his conviction is against the manifest weight and sufficiency of the evidence because it was based on the testimony of two officers who never actually saw money or drugs exchange hands. Further, the only times the officers saw appellant were for very brief moments, when it was dark outside, from a significant distance. Appellant also challenges the credibility of the confidential informant as he is a convicted felon.
Based upon our review of the record, we conclude the confidential informant's testimony that appellant sold him the cocaine was bolstered by the officers' testimony that they recognized appellant's voice while monitoring the confidential informant's transactions. The officers also testified that they observed appellant either with the confidential informant or in his vicinity when the transactions occurred. Accordingly, we conclude appellant's conviction is supported by the sufficiency of the evidence and is not against the manifest weight of the evidence.
Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.