JOURNAL ENTRY AND OPINION
{¶ 1} Victor Bobo has filed an application for reopening pursuant to App.R. 26(B). Bobo is attempting to reopen the appellate judgment that was rendered by this court in State v. Bobo (Nov. 1, 2001), Cuyahoga App. No. 77793. On appeal, we affirmed Bobo's plea of guilty to two counts of aggravated vehicular assault and one count of aggravated vehicular homicide. For the following reasons, we deny Bobo's application for reopening.
 {¶ 2} App.R. 26(B)(1) and 26(B)(2)(b) provide that Bobo must demonstrate "a showing of good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. See, also, State v. Cooey,73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784. Bobo is attempting to reopen the appellate judgment that was journalized on November 13, 2001. Bobo did not file his application for reopening until February 19, 2002, more than ninety days after journalization of the appellate judgment which affirmed his plea of guilty to two counts of aggravated vehicular assault and one count of aggravated vehicular homicide. Thus, Bobo is required to establish "good cause" for the untimely filing of his application for reopening. Bobo, however, has not established "good cause' for the untimely filing of his application for reopening which prevents this court from reopening his appeal. State v. Winstead, 74 Ohio St.3d 277,1996-Ohio-52, 658 N.E.2d 722; State v. Wickline, 74 Ohio St.3d 369,1996-Ohio-19, 658 N.E.2d 1052. See, also, State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; Statev. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed, 72 Ohio St.3d 317, 1995-Ohio-152,649 N.E.2d 1226; State v. Durr (Dec. 7, 1989), Cuyahoga App. No. 57140, reopening disallowed (July 6, 1994), Motion No. 40924, affirmed (1994), 71 Ohio St.3d 395, 643 N.E.2d 1147; State v. Allen
(Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, affirmed, 77 Ohio St.3d 1996-Ohio-366,672 N.E.2d 638.
 {¶ 3} The doctrine of res judicata also prevents this court from reopening Bobo's appeal. Res judicata may be applied to bar the further litigation of issues that were either raised or could have been previously raised through an appeal. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. A claim of ineffective assistance of appellate counsel may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. Herein, Bobo possessed a prior opportunity to argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Bobo, in fact, did file an appeal to the Supreme Court of Ohio, through different counsel than assigned for appeal to this court, on December 27, 2001. Since the Supreme Court of Ohio dismissed Bobo's appeal on or about March 20, 2002, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of appellate counsel. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v Dehler,73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 4} Finally, a substantive review of Bobo's argument in support of his application for reopening fails to support the claim of ineffective assistance of appellate counsel. Bobo's sole proposed assignment of error is that:
 {¶ 5} THE APPELLANT'S SENTENCE IS CONTRARY TO OHIO LAW IN THAT THE CONSECUTIVE SENTENCES WERE IMPOSED IN VIOLATION OF R.C. 2929.14(E)(4).
 {¶ 6} Contrary to Bobo's argument, the trial court did not violate R.C. 2929.14(E)(4) as a result of imposing consecutive sentences of incarceration. The transcript of Bobo's sentencing hearing clearly demonstrates that the trial court stated upon the record the basis for imposing consecutive terms of incarceration. The court specifically stated that: 1) the three terms of incarceration would be served consecutive to each other; 2) consecutive sentences were necessary in order to punish Bobo since he caused the death of another; 3) consecutive sentences of incarceration were not disproportionate to the seriousness of Bobo's conduct and the charged offenses; 4) Bobo committed the offenses of aggravated vehicular assault and aggravated vehicular homicide while on parole; 5) Bobo was impaired by drugs and alcohol when he committed the offenses of aggravated vehicular assault and aggravated vehicular homicide; and 6) based upon his past criminal record, there existed a substantial risk of Bobo committing future crimes from which the public needed to be protected.
 {¶ 7} Clearly, the trial court complied with R.C. 2929.14 (E)(4) prior to imposing consecutive terms of incarceration upon Bobo. State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131; State v.Church (1998), 129 Ohio App.3d 468, 717 N.E.2d 1194. Thus, appellate counsel was not ineffective for failing to raise on appeal the issue of improper sentencing vis-a-vis the imposition of consecutive terms of incarceration. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164. It must also be noted that on appeal to this court, appellate counsel is not required to raise and argue assignment of error that are meritless. Jones v. Barnes (1983), 463 U.S. 745,103 S.Ct. 3308, 77 L.Ed.2d 987.
 {¶ 8} Accordingly, Bobo's application for reopening is denied.
KENNETH A. ROCCO, P.J., CONCURS. PATRICIA ANN BLACKMON, J., CONCURS INJUDGMENT ONLY