DECISION
{¶ 1} Defendant-appellant, Chad Enrico West, appeals from a February 2002 order of the Franklin County Court of Common Pleas which sentenced him to ten years incarceration on a rape/kidnapping conviction and three years on a burglary conviction, with the sentences to be served consecutive to each other. Appellant's sentence followed a jury conviction on one count each of rape, kidnapping, and burglary, stemming from the August 1999 rape of a 13-year-old boy.
{¶ 2} Appellant now assigns the following as error:
{¶ 3} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF ACTUAL INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.
{¶ 4} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY IMPROPERLY SENTENCING HIM TO TERMS OF ACTUAL INCARCERATION WHICH WERE LONGER THAN THE MINIMUM TERM IN CONTRAVENTION OF OHIO'S SENTENCING LAWS."
{¶ 5} Appellant's first assignment of error asserts the trial court failed to state the basis for the consecutive sentences, as is required by R.C. 2929.14(E), rendering the sentences invalid.
{¶ 6} At the time of appellant's sentencing, R.C. 2929.14(E)(4) mandated:
{¶ 7} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 8} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
{¶ 9} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 10} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 11} The trial court's judgment entry reads, in pertinent part:
{¶ 12} "The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C.2929.12, and the Court stated on the record its reasons for imposing this sentence. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is mandatory pursuant to R.C. 2929.13(F).
{¶ 13} "* * *
{¶ 14} "After imposing sentence, the Court gave its finding and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and (c)(d) and (e)." (Emphasis sic.)
{¶ 15} At the sentencing hearing, the trial court stated:
{¶ 16} "So, therefore, it is the sentence of the court relative to count one, the count is the rape charge, this court finds, imposes a sentence — the maximum sentence would be ten years to the Ohio Department of Rehabilitation and Corrections.
{¶ 17} "The court finds that the seriousness of this offense, the age of this young man, the fact of how this came about, warrants the maximum sentence imposed in this case. So the court imposes relative to count one, ten years to the Ohio Department of Rehabilitation and Corrections.
{¶ 18} "Count three, the burglary charge is a felony of the second degree and carries a penalty up to eight years. In count three, the court imposes a sentence of three years to the Ohio Department of Rehabilitation and Corrections.
{¶ 19} "Counts one and three are to run consecutive to each other, consecutive to each other.
{¶ 20} "* * *
{¶ 21} "I'll tell you this, Mr. West. I'm convinced beyond a reasonable doubt, beyond a reasonable doubt that you are guilty.
{¶ 22} "Had you come into this courtroom and apologized to this young man, admitted your guilt, I would have considered two things. I would have considered not imposing the maximum sentence in count one, which is the rape charge.
{¶ 23} "I also would have considered running the counts concurrently, so having not heard that, that is the reason I imposed the sentence I did." Tr. 11-13.
{¶ 24} Appellant charges, and the state admits, that these statements by the trial court did not constitute specific findings as to statutory factors, as is required by the relevant statutes. Ohio courts have repeatedly held that compliance with the requirement of specific findings by the trial court demands more than a simple nod of the head to the severity of the crime and the possibility that the defendant will strike again, and instead requires the court to make specific findings on the record, either during the hearing or in its judgment entry, regarding the relevant statutory factors. See, e.g., State v. Church (1998),129 Ohio App.3d 468; State v. Albert (1997), 124 Ohio App.3d 225; State v. Hess (May 13, 1999), Franklin App. No. 98AP-983; State v. Bivens, Franklin App. No. 02AP-54, 2002-Ohio-4782; and State v. Black (Mar. 22, 2001), Franklin App. No. 00AP-895.
{¶ 25} Notwithstanding the claims of the trial court that it complied with the statutory requirements in imposing the sentence, we find that the court did not make specific findings as to the factors laid out in R.C. 2929.14(E), and so there was no demonstration that the consecutive sentences imposed are supported by the record. Therefore, we sustain appellant's first assignment of error.
{¶ 26} Appellant's second assignment of error charges that the trial court should have justified on the record the basis for imposing greater than the minimum sentence for first and second degree felonies, which is required by R.C. 2929.14(B).
{¶ 27} R.C. 2929.14(B) provided at the time of appellant's sentencing:
{¶ 28} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 29} Appellant's second assignment of error is sustained because the record does not reflect specific findings which would demonstrate that the court engaged in an analysis of the two statutorily sanctioned reasons for exceeding the minimum term and that it varied from the minimum for at least one of the two reasons: that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime. See State v. Edmonson (1999), 86 Ohio St.3d 324. Although the state asserts that appellant was serving a prison term for another offense at the time of his conviction in the instant case, evidence of this is not apparent in the record before us, nor was it explicitly referenced by the trial court during the sentencing hearing or in the court's entry. Although the imposition of a term of incarceration greater than the shortest prison term authorized might be well-taken under the facts which were before the trial court, there simply is not enough information in the record for this court to find that the sentence complied with R.C. 2929.14(B).
{¶ 30} Having determined that the sentence imposed was not properly supported by specific findings by the trial court, we find that appellant's sentence must be vacated. Appellant's two assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas with regard to sentence is reversed and this cause is remanded for resentencing in accordance with this court's decision.
Judgment reversed and
cause remanded.
PETREE and BROWN, JJ., concur.